**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

———————

No. 18-10337

———————

In re:  ROSENDO RODRIGUEZ, III,

Movant

———————

No. 18-10350

———————

In re:  ROSENDO RODRIGUEZ, III,

Movant

------------------------------------------------------------------------

CONSOLIDATED WITH 18-70010

ROSENDO RODRIGUEZ, III,

Petitioner - Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent - Appellee

———————

**ORDER ON MOTION TO SHOW CAUSE**

United States Court of Appeals
Fifth Circuit

**FILED**

June 5, 2018

Lyle W. Cayce
Clerk

Before JONES, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

On March 29, 2018, we issued an Order to Show Cause to Counsel of record for Rosendo Rodriguez in this last minute capital case successive habeas filing, seeking answers to two questions: (1) Precisely when and under what circumstances did counsel "first became aware" of the lawsuit that was filed by Dr. Florez in 2015 and settled at the latest in November 2017 but was allegedly not known of by counsel until February 2018? and (2) Why, in connection with the above matters, and as far as this court can discern, in the filings before the federal district court and the United States Supreme Court, did Movant never once refer to the eyewitness affidavit filed by the State on February 26, 2018 of former Lubbock County homicide investigator Garland Timms who personally witnessed the autopsy of Summer Baldwin performed by Dr. Natarajan?

After retaining counsel, the Counsel responded. The Order to Show Cause was predicated on potential violations of this court's Local Rule 8.10, requiring these petitions to be filed no later than seven business days prior to a scheduled execution date,[1] and on Federal Rule of Civil Procedure 11. As to the first question, Counsel claimed their client, now executed, informed them about the lawsuit filed by Dr. Florez in February 2018, which precipitated their filings. Counsel nevertheless failed directly to answer the second question, and

---

[*] Judge Dennis did not participate in deciding this matter.

[1] *See* Fifth Cir. Local R. 8.10 ("Counsel who seek a certificate of appealability, permission to file a successive petition, or an appeal from a district court judgment less than 7 days before the scheduled execution must attach to the proposed filing a detailed explanation stating under oath the reason for the delay. If the motions are filed less than 7 days before the scheduled execution, the court may direct counsel to show good cause for the late filing. If counsel cannot do so, counsel will be subject to sanctions.").

instead asserted unpersuasive, post-hoc arguments as to why this court should have discredited the affidavit. After reviewing Counsels' submissions carefully, we do not impose sanctions, but we chastise habeas Counsel for failing to even acknowledge, much less attempt, to rebut an affidavit timely offered by the State that on its face contradicted the factual basis for the last minute successive petition.

This court takes very seriously its duty to review all petitions on behalf of petitioners facing execution. Our task is made all the more difficult when counsel, having already pressed against an impending execution date, simply ignore facts brought to bear by the State that undermine their newly discovered theories. There is no excuse for such defaults.

We impose no more onerous Rule 11 sanction today for counsels' failure to address a crucial fact militating against their last-minute petition. This bespeaks lack of candor to the court and arguably lack of a good-faith basis for the positions they espoused. However, attorneys Seth Kretzer and Carlo D'Angelo are admonished that their pleadings and filings in future cases will be scrutinized for accuracy, completeness and compliance with Rule 11.